## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### February 21, 1918.

## THE PEOPLE v. FAGGELLO.

(182 App. Div. 15.)

GRAND LARCENY—FAILURE TO RETURN JEWELRY TAKEN FOR INSPECTION—EVIDENCE NOT ESTABLISHING SALE.

Where in a prosecution of a defendant for grand larceny of jewelry in violation of subdivision 2 of section 1290 of the Penal Law, there is no evidence that the defendant had made a sale of the property intrusted to him for sale upon his promise to return the same or the proceeds, it was not error for the court to refuse to charge, in effect, that if the jury found that the defendant had sold the jewelry and had appropriated the proceeds they must acquit him.

APPEAL by the defendant, Joseph Faggello, from a judgment of the Supreme Court, Kings county, rendered against him on the 6th day of June, 1917, convicting him of the crime of grand larceny in the first degree.

*Caesar B. F. Barra,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* and *John E. Ruston, Assistant District Attorney,* with him on the brief), for the respondent.

JENKS, P. J.:

Of the several points made against the judgment, but one justifies comment — only that, and not discussion of its merits. The conviction is for grand larceny upon a count under subdivision 2 of section 1290 of the Penal Law. The prosecution

proved that on December 16, 1916, a merchant intrusted two pairs of diamond earrings to the defendant upon his representation that he had a certain customer in view and upon his promise that he would within a day report to the merchant; that he did not do so; that after a short extension of time gained by pretexts the defendant promised to return the earrings or the proceeds on a definite day; that he did neither thing, but disappeared from his place of business, and that one pair of earrings was found in a pawnshop where they had been pledged on December 20, 1916.

The learned court refused a request for this instruction: " If the jury finds that the defendant sold the earrings which were the subject-matter of this judgment, and that the defendant appropriated the amount realized on the sale, they must acquit the defendant, under the indictment." The appellant contends that he was entitled to this instruction because he had the right to sell the earrings and the jury could have found that he did sell them, and the indictment charged the larceny of the earrings, not the money — proceeds of the sale.

I said that the point does not require discussion on the merits, because I think that there is no proof to justify a finding that the defendant did make a sale. The defendant rested without having offered any proof whatsoever. His learned counsel relies upon the testimony of the merchant as to the statements of the defendant. But even if such self-serving declarations be taken with full faith, they fall short. We are cited to a single page of the record, wherein it appears that the merchant on cross-examination, after he had testified that the defendant had the right to sell the jewels provided he returned the money for them, was asked: " Q. He had a right to sell them; isn't that so? A. Yes. Q. And he told you that he was expecting a report? A. Yes. Q. From the customer; is that right? A. Yes. Q. And he told you on the 17th that he expected the money in a day or two, and that he would have the money in your place in

a day or two? A. He did.  Q. Is that right?  A. Yes, sir.  Q. And on the 18th, Monday —.  The Court: Pardon me; you have two questions in one there.  Do you say he expected the money, or that you could expect the money on a certain day? The Witness: Well, he expected to deliver the stone or the money to me on a Wednesday morning.  He telephoned me that on Tuesday."  Defendant's counsel: " He told you that he was expecting money from the customer; isn't that so?  A. He said he would make a report to me on Wednesday morning, and either bring the money in or the stones."  Thus it appears that, although there is evidence that the defendant said that he expected a report from the customer and that he expected the money — that he would have it in a day or two, there is no evidence that defendant ever said that he had made a sale. There is evidence that negatives such a conclusion, in that the final statement of the defendant was that he would make a report and either bring the money or the stones.  Even the statement that makes the most for the defendant is consistent with the expectation of a sale.

Within the rules laid down in People v. Scharf (217 N. Y. 204, 211), there was no basis that supported the request.  Hence it is unnecessary to discuss its merits or to consider whether it could in any event constitute capital error, in view of the other instructions of the court that tried the case so carefully and so well.

The judgment must be affirmed.

THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment of conviction affirmed.